Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RUBIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSEMI CORPORATION, JAMES J. PETERSON, DENNIS R. LEIBEL, KIMBERLY E. ALEXY, THOMAS R. ANDERSON, WILLIAM E. BENDUSH, RICHARD M. BEYER, PAUL F. FOLINO, WILLIAM L. HEALEY and MATTHEW E. MASSENGILL,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Rubin ("Plaintiff"), by his undersigned attorneys, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

1

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## NATURE OF THE ACTION

1.     This is a class action brought on behalf of the public stockholders of Microsemi Corporation ("Microsemi" or the "Company") against Microsemi and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Microsemi will be acquired by Microchip Technology Incorporated ("Microchip") through its wholly owned subsidiary Maple Acquisition Corporation ("Merger Subsidiary") (the "Proposed Transaction").

2.     On March 1, 2018, Microsemi issued a press release announcing it had entered into an Agreement and Plan of Merger (the "Merger Agreement") to sell Microsemi to Microchip for $68.78 in cash per Microsemi common share (the "Merger Consideration").  The Proposed Transaction is valued at approximately $8.35 billion.

3.     On April 19, 2018, Microsemi filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Microsemi stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

things: (i) Microsemi insiders' potential conflicts of interest; (ii) Microsemi's financial projections, relied upon by the Company's financial advisor, Qatalyst Partners LP ("Qatalyst"); and (iii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Qatalyst.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as Microsemi stockholders need such information in order to cast a fully-informed vote or seek appraisal in connection with the Proposed Transaction.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over all claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

5.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the conduct

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

took place, where most of the documents are electronically stored, and where the evidence exists.  Microsemi is incorporated in Delaware and is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

7.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Microsemi common stock.

8.     Defendant Microsemi designs, manufactures and markets high-performance analog and mixed-signal semiconductor solutions.  The Company is a Delaware corporation and maintains its principal executive offices at One Enterprise, Aliso Viejo, CA 92656.  Microsemi's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "MSCC."

9.     Defendant James J. Peterson ("Peterson") has been Chief Executive Officer ("CEO") of the Company and Chairman of the Board since November 2013.  Defendant Peterson has been a director of the Company since 2000 and previously served as President and CEO of the Company from 2000 to November 2013.

10.     Defendant Dennis R. Leibel ("Leibel") has been lead independent director of the Company since November 2013 and previously served as Chairman

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

of the Board from 2004 to November 2013.

11.     Defendant Kimberly E. Alexy ("Alexy") has been a director of the Company since 2016.

12.     Defendant Thomas R. Anderson ("Anderson") has been a director of the Company since 2002.

13.     Defendant William E. Bendush ("Bendush") has been a director of the Company since 2003.

14.     Defendant Richard M. Beyer ("Beyer") has been a director of the Company since 2017.

15.     Defendant Paul F. Folino ("Folino") has been a director of the Company since 2004.

16.     Defendant William L. Healey ("Healey") has been a director of the Company since 2003.

17.     Defendant Matthew E. Massengill ("Massengill") has been a director of the Company since 2006.

18.     Defendants Peterson, Leibel, Alexy, Anderson, Bendush, Beyer, Folino, Healey and Massengill are collectively referred to herein as the "Board" or the "Individual Defendants."

## **OTHER RELEVANT ENTITIES**

19.     Microchip is a provider of microcontroller, mixed-signal, analog and

5

Flash-IP solutions.  It is a Delaware corporation with its principal executive offices located at 2355 W. Chandler Blvd., Chandler, AZ 85224.  Microchip's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "MCHP."

20.     Merger Subsidiary is a Delaware corporation and a wholly owned subsidiary of Microchip.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Microsemi common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

22.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

23.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes there are thousands of members in the Class.  As of March 30, 2018, there were 117,954,253 shares of Company common stock issued and outstanding.  All members of the Class may be identified from records maintained by Microsemi or its transfer agent and may be

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

24.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

(a)     Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

(b)     Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

(c)     Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

25.     Plaintiff will fairly and adequately protect the interests of the Class and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.   Plaintiff has retained competent counsel experienced in litigation of this nature.

26.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Company Background and Strong Financial Outlook

28.     Microsemi offers a portfolio of semiconductor and system solutions for aerospace & defense, communications, data center and industrial markets.  The Company's products are found in applications such as communications infrastructure systems, both wireless and wired local-area network ("LAN") systems, implantable pacemakers and defibrillators, radar systems, and military and commercial satellites and aircraft, among others.

29.     The Company has recently introduced and updated a number of products, including a server incorporating a Selective Availability Anti-Spoofing Module to provide the U.S. Department of Defense and other government agencies a highly secure platform for synchronizing mission-critical electronics systems and instrumentation applications in the defense market.

30.     In accordance with its growth and acquisition strategy, on November 28, 2017 Microsemi announced it had completed the acquisition of Vectron International, a Knowles Corporation company, for $130 million.  In the October 26, 2017 press release announcing the acquisition, defendant Peterson commented on the expected synergies of the transaction, stating:

Microsemi is focused on building the industry's most comprehensive

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

portfolio of high value timing solutions. . . . Vectron's highly complementary technology suite expands our product offering with differentiated technology and allows Microsemi to sell more to its tier one customers in the aerospace and defense, communications and industrial markets while improving upon the operating performance of the combined model as we execute on significant synergy opportunities.

31.     Microsemi has recently experienced strong financial results, reporting record net sales in the third and fourth quarters of fiscal year 2017.

32.     The Company's financial success continued and on January 25, 2018, Microsemi issued a press release announcing its first quarter of fiscal year 2018 financial results.   The Company reported net sales of $468.7 million, a 7.6% increase compared to the first quarter of fiscal year 2017.   GAAP net income for the quarter was $47.9 million, or $0.40 per diluted share, compared to $19.5 million, or $0.17 per diluted share, for the first quarter of fiscal year 2017. Defendant Peterson commented on the quarter's successful financial results, stating:

We kicked off the first quarter of fiscal 2018 with 8 percent year-over-year sales growth and 17 percent EPS growth. . . . We are on a clear path to exceed our long-term 35 percent operating margin target as we

leverage customer engagements, share gains and revenue growth into industry-leading profitability.

**The Sale Process**

33.     On July 27, 2017, Microchip's financial advisor contacted Microsemi indicating that Microchip might be interested in exploring a business combination transaction with the Company.

34.     Following various communications from late September to November 2017 between defendant Peterson and Steve Sanghi ("Sanghi"), Chairman and CEO of Microchip, on November 9, 2017, Sanghi sent a proposal to the Board to acquire the Company for $63.00 per share.

35.     During the remainder of November 2017, Qatalyst approached ten potential strategic partners regarding their interest in a potential business combination with Microsemi.  Three of these parties, referred to in the Proxy Statement as "Party B," "Party C" and "Party D," expressed interest in meeting with Company management.

36.     On December 15, 2017, Party B submitted a proposal to acquire Microsemi for $64.65 per share in cash.  Party C proposed acquiring the Company for $61.00 per share, with $35.00 in cash and the remainder in Party C common stock.  Both parties subsequently withdrew from the process.

37.     On January 24, 2018, Microchip submitted a proposal to acquire the

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Company for $65.00 per share, with approximately 30-35% to be paid in Microchip common stock and the remainder in cash.

38.    Following discussion over the next few days, on January 31, 2018, Microchip submitted a proposal to acquire Microsemi for $68.78 per share in cash. Later that day, the Board authorized management to pursue Microchip's non-binding proposal.  Thereafter, the parties negotiated the remaining terms of the deal.

39.    At a March 1, 2018 Board meeting, Qatalyst rendered its fairness opinion, the Board approved the Merger Agreement and the parties subsequently executed the Merger Agreement.

**The Proposed Transaction**

40.    Following entry into the Merger Agreement, on March 1, 2018, Microsemi and Microchip issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

CHANDLER, Ariz. and ALISO VIEJO, Calif. , March 01, 2018 -- Microchip Technology Incorporated (NASDAQ:MCHP), a leading provider of microcontroller, mixed-signal, analog and Flash-IP solutions, and Microsemi Corporation (NASDAQ:MSCC), a leading provider of semiconductor solutions differentiated by power, security, reliability and performance, today announced that the two companies

11
COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

have signed a definitive agreement pursuant to which Microchip will acquire Microsemi for $68.78 per share in cash.  The acquisition price represents a total equity value of about $8.35 billion, and a total enterprise value of about $10.15 billion, after accounting for Microsemi's cash and investments, net of debt, on its balance sheet at December 31, 2017.

"We are delighted to welcome Microsemi to become part of the Microchip team and look forward to closing the transaction and working together to realize the benefits of a combined team pursuing a unified strategy.  Even as we execute a very successful Microchip 2.0 strategy that is enabling organic revenue growth in the mid to high single digits, Microchip continues to view accretive acquisitions as a key strategy to deliver incremental growth and stockholder value. The Microsemi acquisition is the latest chapter of this strategy and will add further operational and customer scale to Microchip," said Steve Sanghi, Chairman and CEO of Microchip.

"Microchip and Microsemi have a strong tradition of delivering innovative solutions to demanding customers and markets, thus

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

creating highly valued and long-lasting revenue streams. Joining forces and combining our complementary product portfolios and end market exposure will offer our customers a richer set of solution options to enable innovative and competitive products for the markets they serve," said Ganesh Moorthy, President and COO of Microchip.

"This transaction represents a compelling opportunity for Microsemi stockholders, employees and customers by combining the leading embedded control market position of Microchip Technology with the world class power, security, reliability and performance solutions from Microsemi," said James J. Peterson, Chairman and CEO of Microsemi.  "We are delighted to become part of Microchip Technology, a premier company in the semiconductor industry."

Following the closing, the transaction is expected to be immediately accretive to Microchip's non-GAAP earnings per share.  Based on currently available information, Microchip anticipates achieving an estimated $300 million in synergies in the third year after close of transaction.  Microchip plans to finance the transaction with approximately $1.6 billion of cash from the combined company

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

balance sheets, approximately $3.0 billion from Microchip's existing line of credit, approximately $5.0 billion in new debt and $0.6 billion of a cash bridge loan.

The Board of Directors of each company has unanimously approved the acquisition. Subject to approval by Microsemi stockholders, customary regulatory approvals and other closing conditions, the transaction is expected to close in the second quarter of calendar 2018.

**Insiders' Interests in the Proposed Transaction**

41.     Microsemi and Microchip insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Microsemi.

42.     Notably, it appears that certain Company insiders have secured positions for themselves upon completion of the Proposed Transaction.  For example, in the March 1, 2018 press release announcing the Proposed Transaction, Sanghi, Microchip's Chairman and CEO, states, "[w]e are delighted to welcome Microsemi to become part of the Microchip team and look forward to closing the transaction and working together to realize the benefits of a combined team

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

pursuing a unified strategy."

43.    Further, Microsemi insiders stand to reap substantial financial benefits for securing the deal with Microchip.  The following table sets forth the equity payments Microsemi's executive officers stand to receive in connection with the Proposed Transaction:

| Name | RSUs ($) | PSUs (at Maximum Level of Performance)* ($) | Restricted Stock ($) | Total ($) |
|------|------|------|------|------|
| James J. Peterson | 0 | 13,765,079 | 889,601 | 14,654,680 |
| Paul H. Pickle | 2,726,921 | 23,964,672 | 1,308,883 | 28,000,476 |
| John W. Hohener | 2,228,541 | 18,972,550 | 1,012,785 | 22,213,876 |
| Steven G. Litchfield | 2,391,137 | 21,016,898 | 1,147,939 | 24,555,974 |
| David Goren | 1,595,146 | 13,580,267 | 724,873 | 15,900,286 |
| Frederick C. Goerner | 1,258,261 | 6,189,650 | 921,170 | 8,369,081 |

44.    Moreover, if they are terminated in connection with the Proposed Transaction, Microsemi's named executive officers are set to receive substantial cash payments in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash ($) (1) | Equity ($) (2) | Perquisites/Benefits ($) (3) | Tax Reimbursement ($) (4) | Other ($) (5) | Total ($) |
|------|------|------|------|------|------|------|
| James J. Peterson | 7,019,440 | 14,654,680 | 91,750 | 0 | 0 | 21,765,870 |
| Paul H. Pickle | 2,664,940 | 28,000,476 | 122,054 | 0 | 0 | 30,787,470 |
| John W. Hohener | 2,326,508 | 22,213,876 | 89,284 | 0 | 0 | 24,629,668 |
| Steven G. Litchfield | 1,658,000 | 24,555,974 | 121,850 | 0 | 0 | 26,335,824 |
| David Goren | 1,430,800 | 15,900,286 | 121,672 | 0 | 0 | 17,452,758 |
| Frederick C. Goerner | 1,293,600 | 8,369,081 | 122,810 | 0 | 0 | 9,785,491 |

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

**The Proxy Statement Contains Material Misstatements or Omissions**

45.    The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Microsemi's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction or seek appraisal.

46.    Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Microsemi insiders' potential conflicts of interest; (ii) Microsemi's financial projections, relied upon by Microsemi's financial advisor Qatalyst; and (iii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Qatalyst. Accordingly, Microsemi stockholders are being asked to make a decision whether to vote in favor of the Proposed Transaction or seek appraisal without all material information at their disposal.

*Material Omissions Concerning Microsemi Insiders' Potential Conflicts of Interest*

47.    The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's directors and executive officers.

48.    The Proxy Statement summarizes the "potential retention concerns

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

expressed by certain members of management" (Proxy Statement at 32) and the Compensation Committee's discussions of "management and key employee retention" (Proxy Statement at 35).  Moreover, in the March 1, 2018 press release announcing the Proposed Transaction, Sanghi, Microchip's Chairman and CEO, states, "[w]e are delighted to welcome Microsemi to become part of the Microchip team and look forward to closing the transaction and working together to realize the benefits of a combined team pursuing a unified strategy."

49.    However, the Proxy Statement fails to disclose whether any of Microsemi's officers or directors has secured employment after completion of the Proposed Transaction.  The Proxy Statement further fails to disclose the details of any employment-related discussions and negotiations that occurred between Microchip and Microsemi executive officers, including who participated in all such communications, when they occurred, and their content, as well as whether any of Microchip's prior proposals or indications of interest mentioned management retention.

50.    Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent

17

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

fiduciaries from acting solely in the best interests of the Company's stockholders.

51.    The omission of this information renders the statements in the "Background of the Merger" and "Interests of Certain Persons in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Microsemi's Financial Projections***

52.    The Proxy Statement is materially deficient because it fails to disclose material information relating to the Company's intrinsic value and prospects going forward.

53.    First, the Proxy Statement omits material information regarding Microsemi management's financial projections and the financial analyses performed by the Company's financial advisor, Qatalyst.

54.    For example, the Proxy Statement sets forth that the Company defines unlevered free cash flow as "a non-GAAP financial measure calculated by starting with Non-GAAP Operating Income . . . and subtracting cash taxes paid, capital expenditures and investment in working capital and then adding back depreciation expense." Proxy Statement at 44.  The Proxy Statement fails, however, to disclose the line item projections used to calculate the Company's unlevered free cash flow, including (i) cash taxes paid; (ii) capital expenditures; (iii) investment in working capital; and (iv) depreciation expense.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

55.     The omission of this information renders the statements in the "Certain Company Forecasts" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

**Material Omissions Concerning Qatalyst's Financial Analyses**

56.     The Proxy Statement describes Qatalyst's fairness opinion and the various valuation analyses performed in support of their opinion.  However, the description of Qatalyst's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Microsemi's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Qatalyst's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.  This omitted information, if disclosed, would significantly alter the total mix of information available to Microsemi's stockholders.

57.     With respect to Qatalyst's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs underlying the discount rate range of 9.5% to 12.0%; (ii) the estimated net debt of Microsemi used in the analysis; and (iii) how the dilution factor of approximately 9.7% was applied by Qatalyst in the analysis.

58.     With respect to Qatalyst's *Selected Companies Analysis*, the Proxy

Statement fails to disclose: (i) the estimated net debt of Microsemi used in the analysis; and (ii) the benchmarking analyses for Microsemi in relation to the public companies and the financial operating characteristics and other factors observed by Qatalyst.

59.     With respect to Qatalyst's *Selected Transactions Analysis*, the Proxy Statement fails to disclose: (i) the estimated net debt of Microsemi used in the analysis; and (ii) the benchmarking analyses for Microsemi in relation to the target companies and the financial operating characteristics and other factors observed by Qatalyst.

60.     When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

61.     The omission of this information renders the statements in the "Opinion of Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

62.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

and the other members of the Class will be unable to make a fully-informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Class Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder**

63.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.    SEC Rule 14a-9, 17 C.F.R. §240.14a-9, promulgated pursuant to Section 14(a) of the Exchange Act, provides:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or

21

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

misleading.

65.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

66.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  The Proxy Statement misrepresented and/or omitted material facts, including material information about potential conflicts of interest faced by Company insiders and the actual intrinsic standalone value of the Company.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or whether to seek appraisal.  In addition, a reasonable investor would view a full and accurate disclosure as significantly altering the "total mix" of information made available in the Proxy Statement and in other information reasonably available to stockholders.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

68.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

69.     Because of the false and misleading statements in the Proxy Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## <u>COUNT II</u>

**Class Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

70.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71.     The Individual Defendants acted as controlling persons of Microsemi within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Microsemi and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

72.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

73.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were, thus, directly involved in the making of this document.

74.    In addition, as the Proxy Statement sets forth, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered — descriptions which had input from the Individual Defendants.

75.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

76.    Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief in his favor on behalf of Microsemi, and against the defendants, as follows:

A.    Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Microsemi;

C.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Dated: April 20, 2018

**WEISSLAW LLP**
Joel E. Elkins

By: _____
Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348
        -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: 212/682-3025
Facsimile: 212/682-3010

*Attorneys for Plaintiff and the Proposed Class*

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS